THE STATE OF OHIO, APPELLEE, *v.* WHITT, APPELLANT.

(No. C-860236—Decided January 21, 1987.)

*Arthur M. Ney, Jr.,* prosecuting attorney, *Christian J. Schaefer* and *Seth S. Tieger,* for appellee.

*White, Getgey & Meyer Co., L.P.A.,* and *Nicholas E. Bunch,* for appellant.

BLACK, J. This cause came on to be heard upon the court's accelerated calendar, but in order to treat the issues fully as they deserve we have *sua sponte* placed it on the regular calendar.

In this appeal the principal issue is whether an accused can be found guilty of aggravated assault in violation of R.C. 2903.12[1] when he is charged with felonious assault in violation of R.C.

---

[1] R.C. 2903.12 reads:

"(A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:

"(1) Cause serious physical harm to another;

"(2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.

"(B) Whoever violates this section is guilty of aggravated assault, a felony of the fourth degree. If the victim of the offense is a peace officer, as defined in section 2935.01 of the Revised Code, aggravated assault is a felony of the third degree."

2903.11.[2] We hold that this is proper under Ohio law, following our decision in *State* v. *Carter* (1985), 23 Ohio App. 3d 27, 23 OBR 70, 491 N.E. 2d 709.

Defendant-appellant, Robert Whitt, was indicted in the alternative: the first count charged him with causing physical harm to Patricia T. Payne by means of a deadly weapon, a violation of R.C. 2903.11(A)(2), and the second count charged him with causing her serious physical harm, a violation of R.C. 2903.11(A)(1). Both counts were accompanied by a firearm specification. After a bench trial, the court found defendant not guilty of the first count and of both firearm specifications, but guilty of aggravated assault under the second count.[3]

Defendant's single assignment of error is worded as an unlimited attack on the finding, as follows:

"The trial court erred in finding the defendant guilty of aggravated assault."

Defendant raises only two issues, however: that the conviction was not supported by sufficient evidence and was against the manifest weight of the evidence, and that aggravated assault is not a lesser included offense of felonious assault. No other errors are called to our attention. For convenience, we will discuss these two points as though they were two separate assignments of error.

## I

The evidence was in sharp conflict. Patricia Payne testified that she saw defendant at an open window of his house and heard a shot at the moment her left side was pierced by a bullet that passed through her body, but that she never saw a gun. Payne said she had been in defendant's house for five hours or so through the middle of the night, dozed off, and had awakened to be accused of stealing defendant's twenty dollar bill. There was a fight, and she was shot as she fled from the house.

Defendant testified that Payne was not in his house at any time that night, that he had no gun, and that he did not shoot her. He conceded only that she had been in his house on one occasion about four months earlier.

There were discrepancies between what Payne said at the trial, what she stated at the preliminary hearing, and what she told the investigating officers on the morning after the shooting. We will not review the evidence in further detail, but we have considered all conflicts and inconsistencies in our review of the record. We will not discard Payne's testimony at trial as totally unworthy of belief, and we will not, therefore, reverse the court's finding of guilt. There was substantial evidence upon which the court could reasonably have concluded that all the elements of aggravated assault had been proven beyond a reasonable doubt. *State* v. *Eley* (1978), 56 Ohio St. 2d 169, 10 O.O. 3d 340, 383 N.E. 2d 132, syllabus. We believe the evidence conforms to the test for sufficiency found in *Jackson* v. *Virginia* (1979), 443 U.S. 307, 316; that is, viewing the evidence most favorably to the prosecution, a rational trier of fact could have found all the essential

---

[2] R.C. 2903.11 reads:

"(A) No person shall knowingly:

"(1) Cause serious physical harm to another;

"(2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.

"(B) Whoever violates this section is guilty of felonious assault, an aggravated felony of the second degree. If the victim of the offense is a peace officer, as defined in section 2935.01 of the Revised Code, felonious assault is an aggravated felony of the first degree."

[3] The trial court conceded that this result was "inconsistent to some degree." The inconsistency has not been assigned as an error.

elements of aggravated assault beyond a reasonable doubt.

We also find that the decision was not against the manifest weight of the evidence, because the trial court neither lost its way nor created a manifest miscarriage in its resolution of the conflicts and inconsistencies in the evidence. *State* v. *Martin* (1983), 20 Ohio App. 3d 172, 20 OBR 215, 485 N.E. 2d 717.

## II

Turning to the question of whether it is permissible to find a defendant charged with felonious assault guilty of aggravated assault, we first note that there was sufficient evidence about the fight between Payne and defendant to raise the issue of whether he was "under the influence of sudden passion or in a sudden fit of rage, either of which [was] brought on by serious provocation occasioned by the victim that [was] reasonably sufficient to incite [defendant] into using deadly force." R.C. 2903.12. (We hereinafter refer to this circumstance of "hot blood," which is found in R.C. 2903.03 as well as R.C. 2903.12, as "the mitigating circumstance of provocation.") The question on appeal is not whether we would have reached the same conclusion in this respect as did the trier of fact, but whether the issue itself was raised by the evidence. We find it was. Therefore, if aggravated assault is a lesser included offense of felonious assault the trial court could properly find defendant guilty of aggravated assault. R.C. 2945.74.[4]

The Supreme Court of Ohio has developed a three-prong test to determine if one offense is a lesser included offense of another.

"An offense may be a lesser included offense of another only if (1) the offense is a crime of lesser degree than the other, (2) the offense of the greater degree cannot be committed without the offense of the lesser degree also being committed, and (3) *some element of the greater offense is not required to prove the commission of the lesser offense.*" *State* v. *Davis* (1983), 6 Ohio St. 3d 91, 95, 6 OBR 131, 134, 451 N.E. 2d 772, 776 (emphasis added); *State* v. *Wilkins* (1980), 64 Ohio St. 2d 382, 384, 18 O.O. 3d 528, 530, 415 N.E. 2d 303, 306.

Aggravated assault is clearly a "lesser" offense because the penalty is lesser. Aggravated assault is a felony of the third or fourth degree (depending on whether the victim was a peace officer) while felonious assault is a felony of the first or second degree.

Aside from the penalty, the mitigating circumstance of provocation is the only factor that distinguishes felonious assault from aggravated assault, as we noted in *State* v. *Carter, supra.* A mitigating circumstance is not an element of the offense, because the burden is not on the prosecutor to prove the mitigating circumstance beyond a reasonable doubt. *State* v. *Muscatello* (1978), 55 Ohio St. 2d 201, 9 O.O. 3d 148, 378 N.E. 2d 738; *State* v. *Carter, supra.* The essential elements of the two offenses are identical: they are (1) knowingly (2A) causing serious physical harm to another or, (2B) causing or attempt-

---

[4] R.C. 2945.74 reads:

"The jury may find the defendant not guilty of the offense charged, but guilty of an attempt to commit it if such attempt is an offense at law. *When the indictment or information charges an offense, including different degrees, or if other offenses are included within the offense charged, the jury may find the defendant not guilty of the degree charged but guilty of an inferior degree thereof or lesser included offense.*

"If the offense charged is murder and the accused is convicted by confession in open court, the court shall examine the witnesses, determine the degree of the crime, and pronounce sentence accordingly." (Emphasis added.)

See, also, Crim. R. 31(C).

ing to cause physical harm to another by a deadly weapon or dangerous ordnance. In this respect, the two offenses are precisely the same.

It is less clear that aggravated assault is an "included" offense of felonious assault. It may be argued that it fails to meet the "missing element" requirement to be a lesser included offense. This perception, we suggest, does not end the inquiry, because further consideration must be given to what the legislature intended with respect to the availability of a lesser included offense.

As we held in *State v. Carter*, 23 Ohio App. 3d at 31, 23 OBR at 74, 491 N.E. 2d at 713-714, the two assault statutes "are part of the same legislation, are *in pari materia* and should be read and construed together so as to give effect to the legislative intent. * * * They should be reconciled and harmonized if reasonably possible." These two statutes are harmonized when aggravated assault is seen as the same offense as felonious assault, but with a reduction in penalty when the trier of fact finds the presence of the mitigating circumstance of provocation. In other words, the legislature intended that the infliction of serious physical harm on another person (or mere physical harm if a deadly weapon or dangerous ordnance is used) shall carry a smaller penalty if the victim provoked the defendant. The identical conduct by a defendant *includes* the possibility of being convicted under either statute, depending only on the existence of provocation. In this sense, aggravated assault is "included" in felonious assault even though the essential elements are exactly the same.

We are of the opinion that this harmonizing of the two assault statutes also harmonizes with the legislative intent behind R.C. 2945.74, which allows a jury to find a defendant guilty of a lesser offense if it is "included" in the offense charged. As applied to the assault statutes *sub judice,* it is a just, reasonable, and feasible result (R.C. 1.47[C] and [D]), that a trier of fact shall be entitled to reduce the degree of the assault when the physical harm was inflicted after the defendant was provoked by the victim.

A similar reduction is provided for in another instance. When an accused is charged with murder, and if he acted under the same mitigating circumstance of provocation, he is entitled to a jury instruction on voluntary manslaughter. *State v. Muscatello, supra,* held that the victim's provocation mitigates the culpability of a defendant on trial for murder. We hold the legislature intended the same reduction with respect to the two types of assault.[5]

In our judgment, it is not of major consequence that some element of felonious assault is not required to prove the commission of aggravated assault, and that the relationship of aggravated assault does not fit neatly into the third prong of the *Wilkins* test. The relationship of these two assault statutes pro-

---

[5] Our research indicates that all but one of the Ohio appellate districts which have considered the question have either held or implicitly assumed that under the proper circumstances aggravated assault can be a lesser included offense of felonious assault. See *State v. Locklear* (Oct. 21, 1986), Franklin App. No. 86AP-235, unreported; *State v. Manfut* (Sept. 25, 1986), Cuyahoga App. No. 50994, unreported; *State v. DiPaolo* (Feb. 14, 1986), Belmont App. No. 84-B-54, unreported; *State v. McClelland* (Dec. 20, 1985), Portage App. Nos. 1488 and 1491, unreported; *State v. Garabrandt* (June 10, 1985), Tuscarawas App. No. CA-1875, unreported; *State v. Roe* (Oct. 23, 1984), Champaign App. No. 83 CA 31, unreported; *State v. Fields* (Feb. 16, 1983), Clermont App. No. CA-1164, unreported; *State v. Butler* (1974), 44 Ohio App. 2d 177, 73 O.O. 2d 196, 337 N.E. 2d 633; *State v. Wickline* (Sept. 16, 1985), Ross App. No. 1154, unreported. Contra *State v. Searcy* (Dec. 19, 1986), Lucas App. No. L-86-048, unreported.

vides the only time in the Ohio Criminal Code in which the sole difference between the greater and lesser offense is the mitigating circumstance of provocation. The *Wilkins* test is designed to insure that the greater offense is unmistakably related to the lesser offense, but there can be no mistake about the direct relationship of felonious and aggravated assault.

Taking the whole legislative scheme into consideration, we conclude that the intent of the legislature was to make aggravated assault a lesser included offense of felonious assault. It must be kept in mind that the *Wilkins* test is nothing more than a method to determine what the legislature meant when it used the term "lesser included offense." At any time the legislature is free to change its definition of the term either implicitly or explicitly. The test is a tool to be used to help apply the legislative scheme, but should not be dogmatically applied when it effects a nonsensical and illogical result that would defeat the statutory scheme.

This conclusion is wholly consistent with our decision in *State* v. *Carter,* *supra.* There we held that the trial court gave an erroneous instruction about the jury's method of deliberation when it said that if the jury found defendant not guilty of felonious assault, it should go on to consider aggravated assault. The fact of the matter is that if a defendant is not guilty of felonious assault, he cannot be guilty of aggravated assault because all the essential elements are identical. The court erred, but *Carter* held it was not plain error since the evidence of the defendant's unprovoked attack was overwhelming. We said that a finding of guilty of felonious assault by a jury does not end the deliberations if there is evidence of the mitigating circumstance of provocation, and that the existence or absence of that circumstance will ultimately determine the offense (culpability) of which the defen-

dant is guilty. *State* v. *Carter,* 23 Ohio App. 3d at 32, 23 OBR at 75, 491 N.E. 2d at 714. In other words, we implied in *Carter* what we specifically decide in the instant case: given the proper evidence, an accused can be found guilty of aggravated assault when he is charged only with felonious assault.[6]

We affirm.

*Judgment affirmed.*

DOAN, P.J., and KEEFE, J., concur.

----

[6] While we recognize that our decision in *State* v. *Ross* (Aug. 13, 1986), Hamilton App. No. C-850784, unreported, contains language contrary to our decision today, we cannot consider that case precedent because of the lack of factual exposition in the decision. Anything therein contrary to this decision is disapproved.