OPINION
Appellant, Matthew A. Boczek, appeals from his conviction in the Lake County Court of Common Pleas on one count of aggravated assault in violation of R.C. 2903.12. For the reasons that follow, we affirm appellant's conviction.
The following facts are gleaned from the record of appellant's jury trial. At around 8:30 p.m. on January 6, 1998, appellant was returning to his apartment with his roommate, Shawn Akins ("Akins"). Appellant and Akins were in appellant's truck listening to "hip-hop" music. While listening to the music, appellant would occasionally tap the horn on the steering wheel.
When turning into the lot leading to his apartment, appellant came upon the stopped car of the victim, Ronald Anderson ("Anderson"), who lived in the same apartment complex as appellant. While behind Anderson, appellant again hit his horn. Thinking it was someone he knew, Anderson pulled to the side of the road to see who it was. When Anderson pulled over, appellant passed him and entered the lot. As the car was passing, Anderson noticed that the passenger in the vehicle made a motion with his hand.
Assuming that the person wanted him to follow, Anderson proceeded to the front of appellant's building and parked his car in front of appellant's truck. Appellant proceeded to get out of his truck and approach Anderson in a threatening manner. A verbal argument soon erupted between appellant and Anderson.
At this point, the respective stories of appellant and Anderson diverge. Anderson testified that while he remained seated in his car, appellant ran into his apartment and returned with a sledgehammer in one hand and a wooden stick in the other.
Appellant, on the other hand, testified that Anderson got out of his car with a baseball bat and chased him and Akins into their apartment. Upon entering the apartment, Akins proceeded upstairs to call the police while appellant ran into the kitchen with Anderson following behind. Upon entering the kitchen, appellant grabbed two sledgehammers in an effort to chase Anderson out of his apartment.
According to both Anderson and appellant, Anderson eventually began to drive away from appellant's apartment with appellant chasing behind on foot. Upon catching Anderson, appellant swung one of the sledgehammers several times at Anderson's car. In defense, Anderson raised his arm to deflect the blows. When Anderson turned a corner, appellant threw the sledgehammer into Anderson's car, striking the passenger-side door. Anderson proceeded to his apartment and called the police.
Several officers arrived on the scene and began a preliminary investigation. Eventually, the officers, after speaking with appellant, Anderson, and one witness, determined that appellant was the primary perpetrator and arrested him. Appellant was subsequently indicted by the Lake County Grand Jury on one count of felonious assault in violation of R.C. 2903.11.
Appellant was tried by a jury and eventually found guilty of the lesser offense of aggravated assault. The trial court sentenced appellant to a term of twelve months incarceration with credit for sixty-three days time served. Appellant perfected a timely appeal and asserts the following assignments of error for our consideration:
 "[1.] The trial court committed reversible error to the prejudice of the defendant-appellant by overruling his Rule 29 Motion for Acquittal as to the charge of felonious assault, in violation of his due process rights, when evidence was insufficient to support the charge of the indictment.
 "[2.] The defendant-appellant was denied due process where the verdict was against the manifest weight of the evidence."
In his first assignment of error, appellant argues that he did not knowingly cause or attempt to cause physical harm to another by means of a deadly weapon. According to appellant, the only reason he chased Anderson down the street was because he was fearful that Anderson would return. Furthermore, appellant argues that he never attempted to swing the sledgehammer at Anderson. Instead, appellant claims that it was Anderson who was trying to hit appellant through the car window with a baseball bat. Appellant states that the sledgehammer ended up in Anderson's car because when Anderson rounded a corner, the sledgehammer fell from appellant's grasp. As a result, appellant contends that there was no direct evidence presented at trial showing that he attempted to harm Anderson. We disagree.
 Under Crim.R. 29, the trial court "shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus; State v. Beaver (1997), 119 Ohio App.3d 385, 390. A motion for judgment of acquittal under Crim.R. 29 should be granted only where the evidence is insufficient to sustain a conviction. State v. Apanovitch (1987), 33 Ohio St.3d 19, 23.[1]
Therefore, an appellate court must apply the same standard in reviewing a denial of a motion for acquittal as if it were reviewing a challenge to the sufficiency of the evidence. When reviewing the sufficiency of the evidence to support a criminal conviction, a court must examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average juror of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, citing Jackson v. Virginia
(1979), 443 U.S. 307. See, also, State v. Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, at 4-5, 1994 WL 738452.
In the instant matter, the state was required to prove that appellant violated R.C. 2903.11, which states in pertinent part, "[n]o person shall knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon * * *." However, instead of finding appellant guilty of felonious assault, the jury returned a verdict of guilty as to the lesser included offense of aggravated assault pursuant to R.C. 2903.12. The elements of the respective offenses are identical except that aggravated assault requires that the offender act "under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force[.]" R.C. 2903.12(A). The above quoted language is not an element of aggravated assault, but instead is a mitigating circumstance. As a result, the burden of proof is not on the state to prove the mitigating circumstance beyond a reasonable doubt. State v. Muscatello (1978), 55 Ohio St.2d 201.
If the jury found that appellant committed felonious assault, it was then required to determine if appellant's actions were precipitated by Anderson's conduct. If so, the appellant was guilty of aggravated assault rather than felonious assault. Statev. Whitt (1987), 31 Ohio App.3d 92, 96. However, if the jury acquitted appellant on the felonious assault charge, appellant could not subsequently be found guilty of aggravated assault due to the virtually identical elements of the two offenses. Id.
After examining the record, we determine that there was substantial and credible evidence upon which the jury could reasonably have concluded that all of the elements of aggravated assault had been proven beyond a reasonable doubt. First, appellant readily admitted that he grabbed two sledgehammers from his apartment and chased Anderson's car. Appellant claims, however, that he never swung at Anderson or the car, and as a result, there was no evidence that he attempted to cause physical harm to Anderson.
Despite appellant's contentions, a witness at trial testified that she observed someone chasing a car with something wooden in his hand. Moreover, the witness also testified that she saw the pursuer's hand moving. The witness, however, was uncertain whether or not the pursuer was hitting Anderson or his car.
Appellant attempts to discount this witness' testimony by claiming that it was Anderson who was attempting to hit appellant with a baseball bat through the car window. According to appellant, his arm was moving in an attempt to divert the baseball bat that Anderson was jabbing at him. Furthermore, appellant claims that the sledgehammer ended up in Anderson's car because, when Anderson rounded a corner, the sledgehammer unintentionally fell from his grasp.
While appellant testified that his actions were in self-defense and that he never intentionally swung the sledgehammer at Anderson, contrary testimony was provided by both Anderson and the witness. In resolving the conflicts in the testimony, the jury could have reasonably concluded that appellant tried to hit either Anderson or his car with the sledgehammer. As a result, appellant's swinging the sledgehammer at Anderson was sufficient conduct to constitute aggravated assault.
Moreover, appellant's argument that there was little evidence of an injury does not alter our determination that there is sufficient evidence to affirm appellant's conviction. Both Anderson and Officer John Levicki testified that Anderson had a red mark on his wrist. The fact that Anderson was unsure whether it was the sledgehammer or appellant's hand that caused the injury is immaterial because no injury is necessarily required to sustain a conviction for aggravated assault. Appellant's throwing the sledgehammer through Anderson's car window constitutes a sufficient attempt to cause physical harm with a deadly weapon.
When looking at the record, we find that there was sufficient evidence to convict appellant of aggravated assault. In essence, this case came down to an issue of credibility. If the jury believed Anderson, a fact that its verdict demonstrates, there clearly was competent and credible evidence that appellant committed aggravated assault. As a result, appellant's first assignment of error is without merit.
In his second and final assignment of error, appellant argues that the judgment was against the manifest weight of the evidence. When reviewing a claim that the judgment was against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that a new trial must be ordered. State v. Martin (1983), 20 Ohio App.3d 172, 175. See, also, State v. Thompkins (1997), 78 Ohio St.3d 380, 387. Accord State v. Duong (Dec. 11, 1998), Trumbull App. No. 98-T-0026, unreported, at 2, 1998 WL 964315.
Moreover, "[t]he discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. The role of the appellate court is to engage in a limited weighing of the evidence introduced at trial in order to determine whether the state appropriately carried its burden of persuasion.Thompkins at 390 (Cook, J., concurring). Additionally, the reviewing court must defer to the factual findings of the trier of fact as to the weight to be given the evidence and the credibility of the witnesses. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
Appellant is basically arguing that the jury's verdict was against the weight of the evidence because Anderson was not a trustworthy witness. Appellant claims that because Anderson initially lied to the police about where he was returning from on the night in question, Anderson's testimony concerning the events of the alleged assault was unreliable. In addition, appellant argues that the testimony of the witness actually supports his claim that his hand was moving in an attempt to divert the jabs allegedly being issued by Anderson.
After reviewing the entire record and weighing the evidence presented by the state and all reasonable inferences, and considering the credibility of the witnesses, we conclude that the jury did not lose its way or create a manifest miscarriage of justice in connection with appellant's conviction for aggravated assault. In the case at bar, the evidence clearly shows that appellant chased Anderson with a sledgehammer. Moreover, the fact that appellant's sledgehammer ended up in Anderson's car leads to the conclusion that he was swinging the sledgehammer at Anderson. As we discussed earlier, the fact that Anderson was not seriously injured does not absolve appellant of liability for his actions.
In addition, while appellant relies heavily upon the fact that Anderson initially chased appellant and Akins with a baseball bat, this conflict in the testimony does not undermine the state's case. It was this conduct on the part of Anderson that more than likely resulted in the jury finding appellant guilty of the lesser charge of aggravated assault. The fact that this case went to the jury on a charge of felonious assault and came back on the lesser charge of aggravated assault demonstrates that the jury gave some credibility to appellant's allegations.
Just because the jury chose to discount other portions of appellant's testimony is immaterial. There is no duty imposed upon a jury whereby if they believe one part of a witness' testimony, they must believe all of that person's testimony. Furthermore, a jury is permitted to examine all of the evidence presented at trial and choose those portions which make the most sense in light of the surrounding circumstances.
Moreover, Anderson's credibility, and appellant's for that matter, were issues for the jury to decide, and we will not disturb those findings on appeal. Appellant's second assignment of error is without merit.
For the forgoing reasons, appellant's assignments of error are without merit. Consequently, the judgment of the trial court is affirmed.
FORD, P.J., NADER, J., concur.
[1] We would briefly like to note that appellant's first assignment of error appears to be a hybrid, in that appellant is arguing both that the evidence was insufficient to convict him of aggravated assault, and that his conviction was against the manifest weight of the evidence. However, because appellant specifically argues manifest weight in his second assignment of error, we withhold any discussion on that issue at this time.