[Cite as *State v. McKinnon*, 2017-Ohio-5784.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 16 CO 0011 |
| V. | ) | |
| | ) | OPINION |
| SCOTT A. McKINNON, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Court of Common
Pleas of Columbiana County, Ohio
Case No. 2014 CR 26

JUDGMENT:      Affirmed

APPEARANCES:
For Plaintiff-Appellee      Attorney Ryan P. Weikart
105 S. Market St.
Lisbon, Ohio 44432

For Defendant-Appellant      Allen Vender
Assistant State Public Defender
250 East Broad Street
Suite 1400
Columbus, Ohio 43215

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: June 29, 2017

DONOFRIO, J.

{¶1} Defendant-appellant, Scott McKinnon, appeals from a Columbiana County Common Pleas Court judgment convicting him of felonious assault and aggravated burglary following a jury trial.

{¶2} On January 3, 2014, appellant and his friends were drinking whiskey near the Fawcett Apartments in East Liverpool where appellant's girlfriend, L.T., resided.

{¶3} According to appellant, he received two calls that day about some money he had left with L.T. to hold on to. Appellant said, on the first call, that L.T. told him the money had been misplaced. Appellant explained the second call came a couple of hours later. Appellant said, on the second call, L.T. told him that her neighbor, Jacob, had taken the money.

{¶4} Appellant testified that he asked two friends to question Jacob in L.T.'s presence. According to appellant, his friends reported that L.T. was drunk and her story did not add up.

{¶5} Appellant stated that about six hours later, L.T. called him requesting tobacco. Appellant brought some whiskey and tobacco to Fawcett Apartments. Entering the building took appellant more than one attempt. Apparently another person named McKinnon was on the trespasser list. Nevertheless, the appellant eventually got in by following an acquaintance into the building and up the elevator.

{¶6} According to appellant, upon reaching L.T.'s door, he knocked, was invited inside, and entered. He and L.T. then had shots of whiskey and got ready for bed. According to appellant, L.T. became angry when he experienced impotence issues. Appellant claimed she grabbed his testicles and said she had spent his money on Jacob, who did not have the same impotence issues. Appellant admitted to blacking out and hitting L.T. multiple times.

{¶7} Police arrived and found appellant and L.T. covered in blood. L.T. suffered a traumatic brain injury, a skull fracture, and a broken nose.

{¶8} A Columbiana Grand Jury indicted appellant on one count of felonious assault, a violation of R.C. 2903.11(A)(1), and one count of aggravated burglary, a

violation of R.C. 2911.11(A)(1).

{¶9} The matter proceeded to a jury trial. Appellant requested a jury instruction on the lesser included offense of aggravated assault. The trial court denied that request. The jury found appellant guilty of both charges. At sentencing, the trial court found that the two counts were not subject to merger and imposed maximum consecutive sentences for an aggregate sentence of 19 years.

{¶10} Appellant timely filed a notice of appeal on May 18, 2016. Appellant now raises two assignments of error.

{¶11} Appellant's first assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REFUSED TO PROVIDE JURY INSTRUCTIONS ON AGGRAVATED ASSAULT, IN VIOLATION OF MCKINNON'S RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16, OF THE OHIO CONSTITUTION[.]

{¶12} Appellant argues the jury could have acquitted him on the charge of felonious assault and still convicted him on the lesser included offense of aggravated assault. Therefore, he asserts, the court should have given an instruction on the lesser included offense.

{¶13} Contrasting felonious assault and aggravated assault, appellant notes that aggravated assault contains the added mitigating element of provocation. Contending that provocation existed, appellant points to his testimony that L.T. grabbed his testicles, confronted his impotence, revealed her infidelity, and admitted her theft. Appellant argues this qualified as provocation.

{¶14} The trial court has discretion when determining whether sufficient evidence was presented at trial to require a particular instruction. *State v. Lessin*, 67 Ohio St.3d 487, 494, 1993-Ohio-52, 620 N.E.2d 72, citing *State v. Wolons*, 44 Ohio St.3d 64, 541 N.E.2d 443 (1989), paragraph two of the syllabus. Therefore, the trial

court's decision will not be disturbed absent an abuse of discretion. Abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶15} Under Ohio law, aggravated assault is either a felony of the third or fourth degree (depending on whether the victim was a peace officer) while felonious assault is a felony of either the first or second degree. *State v. Whitt*, 31 Ohio App.3d 92, 94, 508 N.E.2d 1041 (1st Dist.1987). Thus, aggravated assault is a lesser offense. *Id.*

{¶16} The essential elements of the two offenses are (1) knowingly (2A) causing serious physical harm to another or, (2B) causing or attempting to cause physical harm to another by a deadly weapon or dangerous ordnance. *Id.* at 94-95. Aside from the penalty, the mitigating circumstance of provocation is the only factor that distinguishes felonious assault from aggravated assault. *Id.* at 95, citing *State v. Carter*, 23 Ohio App.3d 27, 30, 491 N.E.2d 709 (1st Dist.1985).

{¶17} The statutory scheme for felonious assault and aggravated assault is congruent to the one for murder and voluntary manslaughter. When an accused is charged with murder, if he acted under the mitigating circumstance of provocation, then he is entitled to a jury instruction on voluntary manslaughter. *Id.*, citing *State v. Muscatello*, 57 Ohio App.2d 231, 387 N.E.2d 627 (8th Dist.1977), aff'd and remanded, 55 Ohio St.2d 201, 378 N.E.2d 738 (1978). The First District in *Whitt* held that the legislature intended the same reduction with respect to the two types of assault. *Id.*

{¶18} Drawing from voluntary manslaughter jurisprudence, the following is the circumstance under which an "aggravated assault" instruction should be given:

> if a defendant on trial for [felonious assault] (or the prosecution in such trial) produces evidence of * * * mitigating circumstances * * *, that evidence will be sufficient to entitle a defendant to an instruction on [aggravated assault] as [lesser included offense] if under any

reasonable view of the evidence, and when all of the evidence is construed in a light most favorable to the defendant, a reasonable jury could find that the defendant had established by a preponderance of the evidence the existence of * * * mitigating circumstances.

*State v. Rhodes*, 63 Ohio St.3d 613, 617-618, 590 N.E.2d 261 (1992), citing *State v. Wilkins*, 64 Ohio St.2d 382, 388, 415 N.E.2d 303 (1980).

{¶19} Elaborating on what constitutes reasonably sufficient provocation in the context of voluntary manslaughter, the Ohio Supreme Court laid out a two-part test. *State v. Mack*, 82 Ohio St.3d 198, 1998-Ohio-375, 694 N.E.2d 1328 (1998), citing *State v. Shane*, 63 Ohio St.3d 630, 634, 590 N.E.2d 272 (1992).

{¶20} First, an objective standard must be applied to determine whether the alleged provocation is reasonably sufficient to bring on a sudden passion or fit of rage. That is, the provocation must be "sufficient to arouse the passions of an ordinary person beyond the power of his or her control." If this objective standard is met, the inquiry shifts to a subjective standard, to determine whether the defendant in the particular case "actually was under the influence of sudden passion or in a sudden fit of rage." *Id.*

{¶21} Applying the objective-subjective test to the circumstances in this case, the analysis starts by asking whether or not the circumstances appellant described were sufficient to arouse the passions of an ordinary person beyond the power of his or her control.

{¶22} In *State v. Koballa*, 8th Dist. No. 82013, 2003-Ohio-3535, the defendant requested an aggravated assault instruction on the basis of his argument that the victim provoked his sudden fit of rage by grabbing his testicles and arm. *Id.* at ¶ 8. The Eighth District found that the trial court did not err in declining to give the instruction, reasoning:

Considering the circumstances, we do not find that appellant was seriously provoked to justify slashing [the victim's] neck. In particular,

[the victim] was in the compromising position of being on his knees; appellant was not alone but in the same room and company of his friend; there was no evidence to suggest [the victim] had a weapon on or about his person; and no evidence suggested appellant could not have exited the condominium without force. * * * Although appellant testified that his testicles and arm were grabbed, these two facts alone do not justify the use of such force. We are also not persuaded by appellant's argument that [the victim's] apparently larger stature justified his actions.

*Id.* at ¶¶ 9-10.

{¶23} The Ohio Supreme Court has further held that "words alone will not constitute reasonably sufficient provocation to incite the use of deadly force in most situations." *Mack*, 82 Ohio St.3d 198, citing *Shane,* at paragraph two of the syllabus.

{¶24} The law entitles the trier of fact to reduce the degree of assault when there has been provocation. Accordingly, a trial court should give an aggravated-assault instruction if a reasonable jury could find that the defendant had established by a preponderance of the evidence that (1) the victim gave provocation that was sufficient to arouse the passions of an ordinary person beyond the power of his or her control and (2) the defendant actually was under that influence, sudden passion, or sudden fit of rage, when committing the assault.

{¶25} Here, appellant claims that L.T. provoked him into violence. Appellant testified that immediately prior to the attack, L.T. informed him she had lied, she had taken his money, she had cheated on him with Jacob, she had given his money to Jacob, and she grabbed appellant by the testicles. Appellant further stated that he was "drunk" at the time and that he "just lost it" (Tr. 302, 304)

{¶26} Viewing the evidence in a light most favorable to appellant, we cannot conclude that the trial court abused its discretion in finding that a reasonable jury could not find the element of reasonable provocation. L.T. may have insulted appellant and grabbed him but these actions do not rise to the level of being

provoked enough to cause an ordinary person to beat someone to the point of a fractured skull and traumatic brain injury. Moreover, appellant's admitted intoxication lessened his ability to act as an ordinary person would under these circumstances.

**{¶27}** Accordingly, appellant's first assignment of error is without merit and is overruled.

**{¶28}** Appellant's second assignment of error states:

THE TRIAL COURT ERRED IN SENTENCING MCKINNON, WHEN IT DETERMINED THAT FELONIOUS ASSAULT AND BURGLARY WERE NOT ALLIED OFFENSES.

**{¶29}** Appellant argues the trial court should have merged his convictions for sentencing purposes because they are allied offenses of similar import. Appellant argues that the burglary conviction is predicated on the assault having occurred at L.T.'s residence. Branching off from there, appellant argues that the burglary and assault consisted of the same conduct and a single animus. The crimes did not result in different harms; therefore, the convictions should have merged, appellant argues.

**{¶30}** In reviewing whether offenses should merge under R.C. 2941.25, courts of appeals are to apply a de novo standard of review. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 1.

**{¶31}** The Ohio Supreme Court addressed the issue of allied offenses of similar import requiring merger in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892. The Court held that if a defendant's conduct supports multiple offenses, the defendant can be convicted of all of the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows the offenses were committed separately, or (3) the conduct shows the offenses were committed with separate animus. *Id.* at paragraph three of the syllabus, citing R.C. 2941.25(B). Two or more offenses are of dissimilar import within the meaning of R.C. 2941.25(B) "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate

and identifiable." *Id.* at paragraph two of the syllabus.

**{¶32}** The *Ruff* Court found, "[w]hen a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts." *Id.* at ¶ 26. Likewise it found, when a defendant's conduct constitutes two or more offenses against a single victim and the harm that results from each offense is separate and identifiable from the harm of the other offense, the defendant can be convicted of multiple counts. *Id.* Therefore, the *Ruff* Court held that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable. *Id.*

**{¶33}** In this case, the offenses of aggravated burglary and felonious assault are separate offenses and do not merge.

**{¶34}** The aggravated burglary statute appellant was convicted of provides that no person by force, stealth, or deception, shall trespass in an occupied structure, when another person is present in the structure, with the purpose to commit any criminal offense in the structure, if the offender inflicts, or attempts, or threatens to inflict physical harm on another. R.C. 2911.11(A)(1). "Physical harm" means "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3).

**{¶35}** In contrast, the felonious assault statute provides that no person shall knowingly cause serious physical harm to another. R.C. 2903.11(A)(1). "Serious physical harm" includes physical harm that carries a substantial risk of death; that involves some permanent incapacity or some temporary, substantial incapacity; that involves some permanent disfigurement or some temporary, serious disfigurement; or that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain. R.C. 2901.01(A)(5).

**{¶36}** The evidence in this case demonstrated that appellant completed the aggravated burglary when he entered L.T.'s apartment and caused her physical harm

by striking her. But appellant continued to beat L.T. throughout various rooms in the apartment and the harm escalated to serious physical harm. The harm was so serious, L.T.'s skull was fractured and she suffered a traumatic brain injury. Thus, the offenses here were not committed by the same conduct. Therefore, they are not allied offenses of similar import.

{¶37} Accordingly, appellant's second assignment of error is without merit and is overruled.

{¶38} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

Robb, P.J., concurs.