[Cite as *State v. McKinnon*, 2018-Ohio-1818.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee

v.

SCOTT A. MCKINNON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No.** 16 CO 0011.

---

Motion to Reopen.

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Ryan Weikart, 105 South Market Street, Lisbon, Ohio 44432, for Plaintiff-Appellee.*

*Atty. Allen Vender, Office of the Ohio Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215, for Defendant-Appellant.*

**RELEASED AND JOURNALIZED:**
May 8, 2018

**PER CURIAM.**

**{¶1}** Defendant-appellant, Scott McKinnon, has filed an application for reopening of his direct appeal from his convictions for felonious assault and aggravated burglary. *State v. McKinnon*, 7th Dist. No. 16 CO 0011, 2017-Ohio-5784. For the following reason, the application is denied.

**{¶2}** An application to reopen an appeal must be filed "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B). Our judgment in this case was filed on June 29, 2017. Appellant filed this application on March 23, 2018. Thus, it is clearly untimely.

**{¶3}** If the application is filed more than ninety days after journalization of the appellate judgment, then it must contain "[a] showing of good cause for untimely filing in the application." App.R. 26(B)(2)(b). While appellant acknowledges that his application is untimely, the only reason he provides for its untimeliness is that he just recently learned through spending time in the prison library that he could file an application for reopening. This does not constitute "a showing of good cause" for filing his application approximately six months late. Courts have repeatedly rejected the claim that limited access to legal materials states good cause for untimely filing. *State v. Wynn*, 8th Dist. No. 103824, 2017-Ohio-9151, ¶ 4. On this basis alone we can deny appellant's application.

**{¶4}** Additionally, App.R. 26(B)(2)(d) provides that an application for reopening must contain "[a] sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised * * * and the manner in which the deficiency prejudicially affected the outcome of the appeal." Appellant's application fails to comply with this provision because he did not include a sworn statement.

**{¶5}** "An applicant's failure to submit a sworn statement as required by App.R. 26(B)(2)(d) is sufficient reason to deny an application to reopen an appeal." *State v. Davis*, 7th Dist. No. 05 MA 3, 2007-Ohio-7213, ¶ 9, citing *State v. Ballinger*, 8th Dist. No. 79974, 2003-Ohio-145, ¶ 5, citing *State v. Lechner*, 72 Ohio St.3d 374, 650 N.E.2d 449 (1995). Appellant's failure in this case to submit the required affidavit also warrants our denial of his application.

**{¶6}** Accordingly, appellant's application to reopen his appeal is hereby denied.

**JUDGE GENE DONOFRIO, Concurs.**

**JUDGE CHERYL L. WAITE, Concurs.**

**JUDGE CAROL ANN ROBB, Concurs.**

## NOTICE OF COUNSEL

**Pursuant to App.R. 22 and 27, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the Clerk.**