[Cite as *State v. Strickland*, 2014-Ohio-5105.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 14AP-307 |
| v. | : | (C.P.C. No. 05CR-5951) |
| Tommie Strickland, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 18, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

*Tommie Strickland*, pro se.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Tommie Strickland, pro se, appeals from a decision and entry of the Franklin County Court of Common Pleas denying his motion for resentencing. Because we construe appellant's motion as a petition for postconviction relief, and the trial court did not abuse its discretion in denying appellant's motion, we affirm.

**I. Facts and Procedural History**

{¶ 2} By indictment filed September 20, 2005, plaintiff-appellee, State of Ohio, charged appellant with one count of aggravated murder, a first-degree felony, in violation of R.C. 2903.01, one count of aggravated robbery, a first-degree felony, in violation of R.C. 2911.01, one count robbery, a second-degree felony, in violation of R.C. 2911.02, one count of robbery, a third-degree felony, in violation of R.C. 2911.02, and one count of kidnapping, a first-degree felony, in violation of R.C. 2905.01. Each of the five counts

included an accompanying firearm specification pursuant to R.C. 2941.145. All the charges in the indictment related to the shooting death of Dishawn Parks at the City Center Mall in Columbus, Ohio on March 12, 2005. Appellant was 17 years old at the time of the offenses. The case originated in juvenile court, and the indictment followed transfer of jurisdiction from the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, to the general division of the trial court on September 7, 2005.

{¶ 3} Following a trial, the jury returned a verdict finding appellant guilty of all five counts contained in the indictment, including the accompanying firearm specifications. The trial court sentenced appellant to an aggregate prison term of 40 years to life. The trial court journalized the conviction and sentence in a November 27, 2006 judgment entry, and it filed a corrected judgment entry on December 13, 2006 and another corrected judgment entry on February 7, 2007. Appellant appealed his convictions and this court affirmed. *State v. Strickland*, 10th Dist. No. 06AP-1269, 2008-Ohio-1104, *appeal not allowed*, 119 Ohio St.3d 1412, 2008-Ohio-3880. Appellant then sought federal habeas corpus relief, which the United States District Court for the Southern District of Ohio denied. *Strickland v. Kerns*, S.D. Ohio No. 2:09-CV-681 (Jan. 26, 2011).

{¶ 4} On July 5, 2013, appellant filed a "motion for resentencing," arguing the trial court failed to merge some of the convictions for purposes of sentencing. Appellant acknowledged that he did not raise this issue in his direct appeal, but he nonetheless argued Crim.R. 52(B) permits the trial court to correct a "plain error" at any time. After the state responded with a memorandum contra, the trial court scheduled a hearing on the matter but ultimately denied the motion. The trial court journalized its denial of appellant's motion in a March 21, 2014 decision and entry. Appellant timely appeals.

## II. Assignments of Error

{¶ 5} Appellant assigns the following assignments of error for our review:

> [1.] The trial court erred in not making any findings of fact or conclusions of law when denying this appellant's motion in violation of his due process rights under the 5th and 14th amendments of the US Constitution and Article 1, Section 16 of the Ohio Constitution.

[2.] The trial court erred initially at sentencing as the court had a duty to impose a lawful sentence, not one including [multiple] punishments for allied offenses of similar impo[r]t which as in this case was rendered and as such the sentence is void as a matter of law for the court's failure to comply with the statutory requirements of R.C. 2941.25. The trial court further compounded this error by [its] recent refusal to correct this error which it is allowed to do under the void sentence doctrine which allows address at any time. This failure violates this appellant's [rights] under the double jeopardy clauses of the 5th amendment of the U.S. Constitution and Article 1, Section 10 of the Ohio Constitution.

## III. Analysis – First and Second Assignments of Error

{¶ 6}   In his first assignment of error, appellant argues the trial court erred in not issuing any findings of fact or conclusions of law when it rendered its decision and entry denying appellant's motion.  In his second assignment of error, appellant asserts the trial court erred in denying his motion for resentencing.  Appellant's assignments of error are interrelated and we address them jointly.  Together, they stand for the proposition that the trial court erred in denying appellant's motion for resentencing based on the trial court's alleged error in failing to merge some of appellant's convictions for purposes of sentencing.

{¶ 7}   Although appellant captions his motion as a "motion for resentencing," we construe this filing as a petition for postconviction relief.  *State v. Boddie*, 10th Dist. No. 12AP-811, 2013-Ohio-3925, ¶ 8, citing *State v. Mitchell*, 10th Dist. No. 12AP-572, 2013-Ohio-1059, ¶ 5 (noting "[t]his court has repeatedly recognized that motions '[seeking] to correct or vacate a sentence should be construed as a motion for postconviction relief under R.C. 2953.21' "); *State v. Timmons*, 10th Dist. No. 11AP-895, 2012-Ohio-2079, ¶ 6, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997), syllabus (stating "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21").

{¶ 8}   " '[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief

that is supported by competent and credible evidence.' " *State v. Sidibeh*, 10th Dist. No. 12AP-498, 2013-Ohio-2309, ¶ 7, quoting *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58. Further, we review a trial court's decision to deny a postconviction petition without a hearing under an abuse of discretion standard. *Boddie* at ¶ 11, citing *State v. Campbell*, 10th Dist. No. 03AP-147, 2003-Ohio-6305, ¶ 14. An abuse of discretion connotes a decision that is unreasonable, arbitrary or unconscionable. *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 9} As a general matter, a petition for postconviction relief is a collateral attack on a criminal judgment, not an appeal of the judgment. *Sidibeh* at ¶ 8, citing *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). A petition for postconviction relief " 'is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record.' " *Id.*, quoting *State v. Murphy*, 10th Dist. No. 00AP-233 (Dec. 26, 2000). Thus, a postconviction petition does not provide a petitioner a second opportunity to litigate his or her conviction. *Id.*, citing *State v. Hessler*, 10th Dist. No. 01AP-1011, 2002-Ohio-3321, ¶ 32. Instead, R.C. 2953.21 affords a petitioner postconviction relief " 'only if the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution.' " *Id.*, quoting *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph four of the syllabus.

## A. Timeliness

{¶ 10} A petition for postconviction relief must meet strict timeliness requirements. Pursuant to R.C. 2953.21(A)(2), a postconviction petition must be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." Here, appellant filed the transcripts for his direct appeal on April 23, 2007. Thus, appellant's 180-day deadline to file a petition for postconviction relief expired in October 2007. Appellant filed the instant petition on July 5, 2013, more than five and one-half years after the 180-day time frame expired. Thus, appellant's petition for postconviction relief is untimely.

{¶ 11} There is a narrow exception for an untimely petition contained in R.C. 2953.23(A), but appellant's petition does not fall within that exception. A trial court may not entertain an untimely postconviction petition unless the petitioner initially

demonstrates either (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation. R.C. 2953.23(A)(1)(a). If the petitioner can satisfy one of those two conditions, he must also demonstrate that but for the constitutional error at trial no reasonable finder of fact would have found him guilty. R.C. 2953.23(A)(1)(b).

{¶ 12} Appellant here does not argue he was unavoidably prevented from discovering the facts necessary for his claim for relief. Though appellant does argue the recent decision from the Supreme Court of Ohio in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, demonstrates he was entitled to merger of some of his convictions for purposes of sentencing, *Johnson* is not a United States Supreme Court case recognizing a new federal or state right that applies retroactively to appellant. Additionally, we are mindful of the general rule that "[a] new judicial ruling may be applied only to cases that are pending on the announcement date * * * [and] may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies." (Citations omitted.) *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, ¶ 6. Indeed, this court has already recognized that the *Johnson* decision is not applicable to a case that had already exhausted its remedies and was final before the *Johnson* decision was issued. *State v. Boone*, 10th Dist. No. 11AP-1054, 2012-Ohio-3653, ¶ 38, citing *State v. Hill*, 5th Dist. No. CT11-0020, 2011-Ohio-3644, ¶ 23. Thus, appellant has not satisfied the strict requirements necessary for a trial court to entertain jurisdiction over an untimely postconviction petition.

## B. Res Judicata

{¶ 13} Even if appellant were able to overcome the untimely nature of his petition, his merger argument would still fail based on res judicata. The doctrine of res judicata places a significant restriction on the availability of postconviction relief. *Sidibeh* at ¶ 12. "'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment.'" (Emphasis deleted.) *State v. Cole*, 2 Ohio St.3d 112, 113 (1992), quoting *Perry* at paragraph nine of the

syllabus. "Res judicata also implicitly bars a petitioner from 'repackaging' evidence or issues which either were, or could have been, raised in the context of the petitioner's trial or direct appeal." *Hessler* at ¶ 37, citing *Murphy*.

{¶ 14} Res judicata applies to bar merger arguments that were not raised at the time of sentencing or on direct appeal. *Boone* at ¶ 37, citing *Smith v. Voorhies*, 119 Ohio St.3d 345, 2008-Ohio-4479, ¶ 10-11; *State v. Ayala*, 10th Dist. No. 12AP-1071, 2013-Ohio-1875, ¶ 13 (noting "[r]es judicata applies to bar the raising of allied offense issues," and that "the res judicata bar applies to any post-judgment proceeding other than the direct appeal challenging a conviction including motions to 'modify' a sentence"). Since appellant could have raised his merger issues at the time of sentencing or during his direct appeal but did not, res judicata now operates to bar those issues. *Id.*

## C. Plain Error

{¶ 15} Appellant attempts to avoid the timeliness and res judicata issues with his petition by arguing that plain error under Crim.R. 52(B) would allow the trial court to correct his sentence at any time. However, the plain-error standard in Crim.R. 52(B) is available only on direct appeal and "does not create a free-standing procedure to obtain review otherwise." *Id.* at ¶ 14, citing *United States v. Frady*, 456 U.S. 152 (1982).

{¶ 16} Thus, because appellant's motion, we construe as a postconviction petition, was both untimely and barred by res judicata, the trial court did not abuse its discretion in denying the motion.

## D. Findings of Fact and Conclusions of Law

{¶ 17} Finally, appellant's argument that the trial court erred in failing to issue findings of fact and conclusions of law also fails. " '[A] trial court need not issue findings of fact and conclusions of law when it dismisses an untimely [postconviction-relief] petition.' " *State ex rel. Ashipa v. Kubicki*, 114 Ohio St.3d 459, 2007-Ohio-4563, ¶ 4, quoting *State ex rel. Kimbrough v. Greene*, 98 Ohio St.3d 116, 2002-Ohio-7042, ¶ 6; *State v. Lowe*, 10th Dist. No. 10AP-584, 2011-Ohio-3996, ¶ 17. Having determined the trial court properly denied appellant's petition as untimely, the trial court was not required to issue findings of fact and conclusions of law. Accordingly, we overrule appellant's first and second assignments of error.

**IV. Disposition**

{¶ 18} Based on the foregoing reasons, the trial court did not abuse its discretion in denying appellant's motion, we construe as a postconviction petition, nor did the trial court err in not issuing findings of fact and conclusions of law.  Having overruled appellant's two assignments of error, we affirm the decision and entry of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and O'GRADY, JJ., concur.

————————————