[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Roberts v. Marsh,* Slip Opinion No. 2019-Ohio-1569.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-1569

THE STATE EX REL. ROBERTS, APPELLANT *v.* MARSH, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Roberts v. Marsh,* Slip Opinion No. 2019-Ohio-1569.]

*Mandamus and procedendo—Appellant not entitled to extraordinary relief in mandamus or procedendo because trial court was permitted to correct appellant's sentencing entry by using a judgment entry to vacate improperly included postrelease-control sanction—Court of appeals' dismissal affirmed.*

(No. 2018-0593—Submitted February 19, 2019—Decided April 30, 2019.)

APPEAL from the Court of Appeals for Hamilton County, No. C-180086.

_____

**Per Curiam.**

{¶ 1} Appellant, Mallon Roberts, appeals the judgment of the First District Court of Appeals dismissing his petition for a writ of mandamus and/or procedendo

against appellee, Hamilton County Common Pleas Court Judge Melba Marsh. We affirm.

**Facts**

**{¶ 2}** Roberts was convicted of murder with a repeat-violent-offender specification, and in March 2005, a judge of the Hamilton County Common Pleas Court imposed an indeterminate sentence of 25 years to life in prison. *State v. Roberts*, 1st Dist. Hamilton No. C-050279, 2007-Ohio-856, ¶ 1. In 2007, the court of appeals affirmed the conviction and sentence on direct appeal. *Id.* at ¶ 16.

**{¶ 3}** In 2015, Roberts filed a motion in the trial court seeking to "Correct Judgment Entry Pursuant to Criminal Rule 36." *State v. Roberts*, 1st Dist. Hamilton No. C-150528, 2017-Ohio-1060, ¶ 1. He alleged that his sentence was not entered "in conformity with the statutes governing repeat violent offenders, indefinite sentences, jail-time credit, court costs, and postrelease control." *Id*. at ¶ 3. Judge Marsh overruled the motion, and Roberts appealed.

**{¶ 4}** In March 2017, the court of appeals affirmed, in part, the denial of the motion to correct the sentencing entry. *Id*. at ¶ 12. However, it held that postrelease control could not have been imposed for murder and remanded the matter to the trial court to vacate the portion of the sentencing entry relating to postrelease control. *Id*. at ¶ 13.

**{¶ 5}** In February 2018, before Judge Marsh had taken any action on remand, Roberts filed a petition for a writ of procedendo and/or mandamus in the First District Court of Appeals seeking to compel her to physically convey him to the common pleas court for a new sentencing hearing. Judge Marsh did not convey Roberts to the trial court. Rather, on March 9, 2018, she issued an entry vacating Roberts's postrelease-control sanction; the entry further noted that "no other aspect of [the] sentence is affected by this order."

**{¶ 6}** After issuing the March 9, 2018 entry, Judge Marsh moved to dismiss as moot Roberts's petition for a writ of procedendo and/or mandamus. Over

Roberts's opposition, the court of appeals granted the motion to dismiss on April 17, 2018. The court of appeals held that the trial court was not required to conduct a hearing with Roberts present because the case involved the vacation of postrelease control and not its imposition. Roberts now appeals.

**Law and Analysis**

{¶ 7} Roberts raises several propositions of law, arguing that Crim.R. 43 requires him to be physically present at a resentencing hearing. Within the propositions of law, Roberts makes three main arguments: (1) the inclusion of the postrelease-control sanction rendered the entire sentencing entry void, (2) Judge Marsh's judgment entry, which Roberts characterizes as a "nunc pro tunc order,"[1] was not the proper vehicle to vacate the postrelease-control provision because it did not simply correct a clerical or typographical error, and (3) a de novo sentencing hearing is necessary to make changes to a sentencing entry and he must be physically returned to open court for resentencing under Crim.R. 43.

*Mandamus*

{¶ 8} To obtain a writ of mandamus, Roberts must establish a clear legal right to the requested relief, a clear legal duty on Judge Marsh's part to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. The court of appeals granted Judge Marsh's motion to dismiss Roberts's petition as moot, but it also held that the trial court was not required to conduct an in-person resentencing hearing in order to vacate the term of postrelease control.

{¶ 9} Roberts relies on cases such as *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, *modified by State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 36, and *State v. Simpkins*, 117 Ohio St.3d 420,

---

[1] Although Roberts describes Judge Marsh's March 9, 2018 entry vacating his term of postrelease control as a "nunc pro tunc order," Judge Marsh disputes this characterization of the order.

2008-Ohio-1197, 884 N.E.2d 568, for the proposition that a nunc pro tunc entry cannot be used to add information that was omitted from the sentencing entry. Those cases are inapposite, because here the trial court did not *add* a punishment to the sentence imposed at Roberts's trial but instead *deleted* a punishment—postrelease control.

**{¶ 10}** The fact that Judge Marsh deleted a punishment distinguishes this case from cases in which punishment was *added*; in the latter situation, trial courts must hold a de novo resentencing hearing on the additional portion of the sentence. *Fischer* at paragraph two of the syllabus; *see, e.g.*, *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, paragraph one of the syllabus (failure to include mandatory driver's license suspension requires resentencing on the license suspension only); *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, syllabus (failure to include a mandatory fine requires resentencing on the imposition of the fine only). The failure to impose mandatory postrelease control does not render the *entire* sentence void. *Fischer* at ¶ 26. Only the portion of the sentence missing the sanction is void, and that portion of the sentencing entry is subject to correction in a sentencing hearing limited to the issue of postrelease control. *Id*. at ¶ 27-29.

**{¶ 11}** But no resentencing hearing was required in the situation here, because the trial court simply deleted a postrelease-control provision that should not have been included in the initial sentence entry. *See State ex rel. Allen v. Goulding*, __ Ohio St.3d __, 2019-Ohio-858, __ N.E.3d __, ¶ 8-9; *see also State v. Ortiz*, 2016-Ohio-4813, 68 N.E.3d 188, ¶ 13 (7th Dist.) (trial court could properly delete an erroneous reference to postrelease control by a nunc pro tunc entry); *State v. Brister*, 5th Dist. Guernsey No. 13 CA 21, 2013-Ohio-5874, ¶ 19 (same).

*Procedendo*

**{¶ 12}** A writ of procedendo is appropriate when a court has either "refused to enter judgment or has unnecessarily delayed proceeding to judgment." *State ex*

4

*rel. Poulton v. Cottrill*, 147 Ohio St.3d 402, 2016-Ohio-5789, 66 N.E.3d 716, ¶ 2. Thus, the writ will issue only upon a showing of a "clear legal right to require the trial court to proceed, a clear legal duty on the part of the trial court to proceed, and the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014-Ohio-4512, 21 N.E.3d 303, ¶ 9.

{¶ 13} Here, Roberts sought a writ of procedendo to require Judge Marsh to convey him back to the Hamilton County Court of Common Pleas for a de novo resentencing hearing. In her March 2018 entry, Judge Marsh vacated the postrelease control, thereby implicitly denying Roberts's request to be resentenced in open court. As held above, Roberts does not have a clear legal right to be conveyed to court for resentencing, so he does not have a clear legal right to require Judge Marsh to issue such an order.

{¶ 14} For these reasons, we affirm the court of appeals' judgment dismissing the requested writs of mandamus and procedendo.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, DONNELLY, and STEWART, JJ., concur.

DEWINE, J., concurs in judgment only.

FISCHER, J., not participating.

_____

Mallon Roberts, pro se.

Joseph Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee.

_____