[Cite as *State v. Everett*, 2020-Ohio-2733.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. William B. Hoffman, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2019CA00147 |
| CORTES EVERETT | : | |
| | : | |
| Defendant-Appellant | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:     Criminal appeal from the Stark County
                             Court of Common Pleas, Case No.
                             2010CR1855A

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      April 29, 2020

APPEARANCES:

For Plaintiff-Appellee
JOHN D. FERRERO
Stark County Prosecutor
BY: KRISTINE BEARD
Assistant Prosecutor
110 Central Plaza South
5th Floor
Canton, OH  44702

For Defendant-Appellant
MICHAEL A. PARTLOW
112 South Water Street
Ste. C
Kent, OH 44240

*Gwin, J.,*

{¶1} Defendant-appellant Cortes Everett ["Everett"] appeals from the September 9, 2019 Judgment Entry of the Stark County Court of Common Pleas that denied his Motion to Correct Sentence.

*Facts and Procedural History*

{¶2} A jury found Everett guilty of one count of murder with a firearm specification, one count of felonious assault with a firearm specification, one count of aggravated robbery with a firearm specification, one count of tampering with evidence, and one count of having a weapon under disability[1]. The parties agreed that the counts of murder and felonious assault merge for sentencing purposes, as do the three separate firearm specifications. *See, State v. Everett*, 5th Dist. Stark No. 2100CA00115, 2012-Ohio-2740, ¶53. ["*Everett I*"]. Everett was therefore sentenced to a prison term of 15 years to life on the count of murder, plus three years for the firearm specification, consecutive to 10 years on the count of aggravated robbery, consecutive to 5 years on the count of tampering with evidence, and consecutive to 5 years on the count of having a weapon under disability. Id. This Court affirmed Everett's convictions and sentences. *Everett, I.*

{¶3} On February 15, 2019, Everett filed a Motion to Correct Sentence. [Docket No. 54]. In the motion to correct sentence, Everett argued that, because the state did not specifically say on the record that it elected to proceed on the murder conviction for sentencing, the murder conviction is void. Everett further argued that the sentence is void because the court improperly imposed a three-year period of post-release control

---

[1] The Weapons under Disability count was heard by the trial court, not the jury. *See,* Everett *I,* ¶52.

on the merged, un-sentenced conviction for felonious assault, which amounts to be sentenced twice for allied offenses. Finally, Everett argued that the trial court issued an inconsistent sentence when it merged all of the firearm specifications but failed to merge, sua sponte, the murder, felonious assault, and aggravated robbery convictions as allied offenses.

{¶4} By Judgment Entry filed September 9, 2019, the trial court denied Everett's motion. The trial court denied Everett's motion for lack of jurisdiction stating that Everett's motion was the functional equivalent of an untimely petition for post-conviction relief. The trial court further held that based on the transcript of proceedings, it was never the trial court's intention to impose three years of post-release control for the felonious assault, and, that the addition of this information in the judgment entry of conviction and sentence was merely clerical error. As such, the trial court ordered that the language be stricken from the judgment entry and further ordered the state to file a nunc pro tunc entry within thirty days. Prior to the expiration of the thirty-day period, Everett filed a Notice of Appeal from the trial court's decision.

*Assignments of Error*

{¶5} Everett raises two Assignments of Error,

{¶6} "I. THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY CORRECTING ITS SENTENCING ENTRY WITH A JUDGMENT ENTRY, NUNC PRO TUNC.

{¶7} "II. THE TRIAL COURT ERRED, AS A MATTER OF LAW BY DETERMINING THAT THE APPELLANT'S MOTION AS IT PERTAINED TO THE MERGER ARGUMENT WAS THE EQUIVALENT OF AN UNTIMELY PETITION FOR

POST-CONVICTION RELIEF AND BARRED BY THE DOCTRINE OF RES JUDICATA."

I.

{¶8}     In the first assignment of error Everett argues that the trial court erred as a matter of law in finding that the judgment entry of conviction and sentence which improperly included post-conviction control language for the merged offense of felonious assault could not be corrected with a nunc pro tunc entry.  He further argues that the firearm specification for the aggravated robbery conviction was merged with the other firearm convictions; however, the aggravated robbery conviction was not itself merged.  [Appellant's Brief at 3].

**STANDARD OF APPELLATE REVIEW.**

{¶9}     "'When a court's judgment is based on an erroneous interpretation of the law, an abuse-of-discretion standard is not appropriate.  *See Swartzentruber v. Orrville Grace Brethren Church,* 163 Ohio App.3d 96, 2005-Ohio-4264, 836 N.E.2d 619, ¶ 6; *Huntsman v. Aultman Hosp.*, 5th Dist. No. 2006 CA 00331, 2008-Ohio-2554, 2008 WL 2572598, ¶ 50.'  *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13."  *State v. Fugate,* 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶6. Because this assignment of error involves an issue of law, we review the issue de novo.

**ISSUE FOR APPEAL.**

1).Whether the trial court could properly corrected Everett's sentence to delete the post release control requirement imposed in the original sentencing entry upon the

*Felonious Assault conviction by striking the language from the original sentencing entry and ordering the state to file a nunc pro tunc judgment entry.*

{¶10} The state concedes that the trial court's *Found Guilty by Jury and Sentence Imposed* Judgment Entry, filed Apr 21, 2011 [Docket No. 41] incorrectly imposed a term of post-release control for the count of Felonious Assault that the trial court had merged with the conviction for murder. [Appellee's Brief at 5; *Judgement Entry Denying Defendants' Motion to Correct Sentence with De Novo Sentencing Hearing and Defendant's Motion to Strike / Judgement Entry Requiring State to File Nunc Pro Tunc Judgement Entry,* filed Sept 9, 2019 at 3 [Docket Entry 58]. To correct this error, the trial court ordered the language stricken from Everett's sentencing judgment entry and ordered the state to file a nunc pro tunc judgment entry to omit the reference to post-release control.[2]

{¶11} The Supreme Court of Ohio has recently addressed this issue. In *State ex rel. Roberts v. Marsh*, 156 Ohio St.3d 440, 128 N.E.3d 222 2019-Ohio-1569, ¶ 7, the relator was convicted and sentenced for murder. The sentencing entry included language imposing post-release control. The relator argued that the improper post-release control language rendered his sentence void. He requested that the Supreme Court issue a writ of mandamus requiring the trial court to vacate its original sentencing entry and conduct a resentencing hearing in his presence. The Supreme Court denied the writ. The court expressly distinguished the line of cases in which trial courts have sought to *add* post-release control to a criminal defendant's sentence through a nunc pro tunc entry. In those instances, "a nunc pro tunc entry cannot be used to *add information* that was omitted from the sentencing entry." Id. at ¶ 9. (Emphasis added).

---

[2] Everett filed his Notice of Appeal before the state filed the Nunc Pro Tunc entry.

However, where the court mistakenly includes language about post-release control in its entry on an unclassified felony, the sentence is not void and "no resentencing hearing [is] required." Id. at ¶ 11, *citing State ex rel. Allen v. Goulding,* 156 Ohio St.3d 337, 2019-Ohio-858, ¶ 8-9. The Supreme Court found no legal error in the nunc pro tunc entry whereby "the trial court simply deleted a post-release control provision that should not have been included in the initial sentencing entry." *State ex rel. Roberts* at ¶ 11; *See also, State v. Richardson,* 10th Dist. Franklin No. 18AP-310, 2019-Ohio-3490.

{¶12} We find the Ohio Supreme Court's decision in *State ex rel. Roberts* to be controlling. In the case at bar, the trial court was not adding a post-release control requirement; rather, the trial court deleted a post-release control provision that should not have been included in the initial sentencing entry. Under the facts before us, the trial court did not err in removing the erroneous post-release control requirement. Further as the Supreme Court noted,

> But *no resentencing hearing was required* in the situation here, because the trial court simply deleted a post-release control provision that should not have been included in the initial sentence entry. *See State v. Ortiz,* 2016-Ohio-4813, 68 N.E.3d 188, ¶ 13 (7th Dist.) (trial court could properly delete an erroneous reference to post release control by a nunc pro tunc entry); State *v. Brister,* 5th Dist. Guernsey No. 13 CA 21, 2013-Ohio-5874, 2013 WL 6918861, ¶ 19 (same).

*State ex rel. Roberts v. Marsh*, 156 Ohio St.3d 440, 128 N.E.3d 222 2019-Ohio-1569, ¶ 11.

*2). Whether the trial court issued an inconsistent sentence when it merged all firearm specifications but failed to merge the Aggravated Robbery, Felonious Assault and Murder convictions.*

{¶13} In the case at bar, the trial court did merge the Murder and the Felonious Assault convictions; therefore, Everett's argument centers upon the trial court's failure to also merge his conviction for Aggravated Robbery.

{¶14} Pursuant to R.C. 2929.14(B)(1)(b), the court may not impose more than one sentence for multiple firearm specifications if the underlying felonies (to which the attendant specifications apply) arose from the same act or transaction.

{¶15} R.C. 2941.25, Ohio's allied offense statute, provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶16} In *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, the Court held,

An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice. Accordingly, an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus; absent that showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error.

143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3.

{¶17} However, the plain error standard in Crim.R. 52(B) is available only on direct appeal and "does not create a free-standing procedure to obtain review otherwise." *State v. Ayala*, 10th Dist. No. 12AP–1071, 2013–Ohio–1875, ¶ 14, *citing United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

{¶18} A claim of error and failing to merge counts for sentencing purposes is not a void sentencing issue. *State v. Greenburg,* 10th Dist. Franklin No. 12AP-11, 2012-Ohio-11, 2012-Ohio-3975, ¶12. "Merger claims are non-jurisdictional and barred by res judicata." *State v. Monroe,* 10th Dist. Franklin No. 113AP-598, 2015-Ohio-844, ¶38 (*citing Smith v. Voorhies,* 119 Ohio St.3d 345, 2008-Ohio-4479). *See also, State v. Strickland,* 10th Dist. Franklin No. 14AP-307, 2014-Ohio-5105, ¶15.

{¶19} Because Everett's claim that all of his convictions should have been merged is not a void sentence issue, the issues raised in Everett's assignment of error

could have been raised on direct appeal, and therefore, are barred by *res judicata*, regardless of whether they might be characterized as plain error. *State v. Lusane,* 11th Dist. Portage No. 2019-P-0056, 2019-Ohio-5058, ¶4; *State v. Haynes*, 2nd Dist. Clark No. 2013 CA 90, 2014-Ohio-2675, ¶14. *See, also, United States v. Frady*, 456 U.S. 152, 164-165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *State v. Strickland*, 10th Dist. Franklin No. 14AP-307, 2014-Ohio-5105, ¶15, *quoting State v. Ayala*, 10th Dist. Franklin No. 12AP-1071, 2013-Ohio-1875, ¶13 ("the plain-error standard in Crim.R. 52(B) is available only on direct appeal and 'does not create a free-standing procedure to obtain review otherwise.'"); *State v. Abdul*, 8th Dist. Cuyahoga No. 103510, 2016-Ohio-3063 ¶ 10. The plain error doctrine does not suspend the application of *res judicata*. *State v. Amos*, 7th Dist. Belmont No. 19 BE 0003, 2019-Ohio-3651, ¶18; *State v. Dominguez*, 2nd Dist. Montgomery No. 26853, 2016-Ohio-5051, ¶10 (*res judicata* precludes consideration of an allied-offense argument, even in the context of plain error, because it could have been raised on direct appeal).

{¶20} In the case at bar, Everett could have, but did not raise the merger issue in the trial court during the sentencing hearing. Everett could have, but did not, assign as error the trial court's failure to merge the Aggravated Robbery conviction in his direct appeal. Everett could have, but did not, raise his claim that the trial court issued inconsistent sentences by merging the firearm specifications but not the Aggravated Robbery conviction on direct appeal. Accordingly, the issue of whether the trial court issued an inconsistent sentence when it merged all firearm specifications but failed to merge the Aggravated Robbery, Felonious Assault and Murder convictions is barred by res judicata.

{¶21}   Everett's First Assignment of Error is overruled.

II.

{¶22}   In his Second Assignment of Error, Everett argues that the trial court erred as a matter of law in finding that his Motion to Correct a Void Sentence was an untimely petition for post-conviction relief and/or that the claims were barred by the doctrine of res judicata.

{¶23}   "[A] reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof."  *State ex rel. Peeples v. Anderson,* 73 Ohio St.3d 559, 560, 653 N.E.2d 371, 373(1995); *State ex rel. Cassels v. Dayton City School Dist. Bd. Of Edn.*, 69 Ohio St.3d 217, 222, 631 N.E.2d 150(1998). *Accord, State ex rel. v. McGinty v. Cleveland City School Dist. Bd. Of Edn.*, 81 Ohio 283, 290, 1998-Ohio-471, 690 N.E.2d 1273(1998).

{¶24}   We have held in our disposition of Everett's First Assignment of Error  that the trial court could remove the erroneous imposition of post-release control on the Felonious Assault charge by filing a nunc pro tunc sentencing entry.  We further held that Everett's merger claims are properly barred by *res judicata.*  Therefore, the trial court's judgment entry overruling Everett's motion was correct.

{¶25}   Accordingly, regardless of the trial court's characterization of Everett's motion as a Petition for Post-Conviction Relief, Everett cannot demonstrate prejudice from the trial court's ruling.

{¶26}   Everett's Second Assignment of Error is overruled.

{¶27}   The judgment of the Stark County Court of Common Pleas is affirmed.


By Gwin, J.,

Hoffman, P.J., and

Delaney, J., concur