[Cite as *State ex rel. Vigil v. Cuyahoga Cty. Common Pleas Court*, 2020-Ohio-4571.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL., CHRISTOPHER M.
VIGIL,                                    :

     Relator,                      :

                                 No. 109840

     v.                            :

CUYAHOGA COUNTY COMMON
PLEAS COURT                               :

     Respondent.                   :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** September 18, 2020

---

Writ of Mandamus
Motion No. 540340
Order No. 540950

---

### *Appearances:*

Christopher M. Vigil, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, *for respondent.*

MARY J. BOYLE, J.:

{¶ 1} Relator, Christopher M. Vigil, seeks a writ of mandamus to compel respondent, the Cuyahoga County Common Pleas Court, and more specifically

Judge Deena R. Calabrese, to resentence him. Finding no merit, this court grants respondent's motion for summary judgment and denies the requested writ.

## I. Procedural and Factual History

{¶ 2} On July 21, 2020, relator filed a complaint for a writ of mandamus. There, he alleged that he received a 14-year prison sentence as a result of convictions in a criminal case. He appealed his convictions to this court in *State v. Vigil*, 8th Dist. Cuyahoga No. 103940, 2016-Ohio-7485. On October 27, 2016, this court affirmed all but one of relator's convictions, vacated his conviction for domestic violence, and remanded the case to the trial court to journalize this result.

{¶ 3} Relator asserts that respondent has failed to comply with this court's order and opinion. He claims that his presence is required at a hearing where respondent must resentence him in order to comply with this court's decision. His complaint requests that this court order respondent to hold a resentencing hearing.

{¶ 4} Respondent filed a motion for summary judgment on August 4, 2020. There, she argued that relator is not entitled to a hearing, that this court did not remand the case for a resentencing hearing in its October 27, 2016 opinion, and that she fully complied with this court's directive when she journalized an order vacating relator's domestic violence conviction and sentence on February 2, 2017. She attached a certified copy of this journal entry to her motion for summary judgment. Relator did not timely oppose respondent's motion for summary judgment.

## II. Law and Analysis

{¶ 5} The matter is before this court on respondent's motion for summary judgment.

> Before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.

*State ex rel. Spencer v. E. Liverpool Planning Comm.*, 80 Ohio St.3d 297, 298, 685 N.E.2d 1251 (1997), citing *State ex rel. Leigh v. State Emp. Relations Bd.*, 76 Ohio St.3d 143, 144, 666 N.E.2d 1128 (1996). *See also State ex rel. Parker v. Russo*, 158 Ohio St.3d 123, 2019-Ohio-4420, 140 N.E.3d 602.

{¶ 6} A writ of mandamus is appropriate when relators show by clear and convincing evidence that (1) they have a clear legal right to the requested relief, (2) that the respondents have a clear legal duty to provide the requested relief, and (3) that relators have no plain and adequate legal remedy. *State ex rel. Kerns v. Simmers,* 153 Ohio St.3d 103, 2018-Ohio-256, 101 N.E.3d 430, ¶ 5.

{¶ 7} Relator claims that respondent is required to hold a resentencing hearing according to this court's 2016 opinion. Relator is incorrect.

{¶ 8} This court's 2016 opinion upheld the majority of relator's convictions and sentences, but found that the domestic violence conviction was not supported by sufficient evidence. *Vigil*, 8th Dist. Cuyahoga No. 103940, 2016-Ohio-7485, at ¶ 21. As a result, this court vacated this conviction and remanded the case to the

trial court to issue a journal entry commensurate with this court's decision. We specifically stated: "Case is remanded to the trial court to vacate the conviction and sentence for domestic violence." *Id.* at ¶ 47.

{¶ 9} On February 2, 2017, respondent journalized an entry vacating relator's conviction and sentence for domestic violence. Respondent attached a certified copy of the entry to her motion for summary judgment. Contrary to relator's arguments, a resentencing hearing is not necessarily required when a court vacates a conviction. In cases where a penalty is removed, a defendant's presence is not required and no resentencing hearing is necessary. *State ex rel. Roberts v. Marsh,* 156 Ohio St.3d 440, 2019-Ohio-1569, 128 N.E.3d 222, ¶ 11.

{¶ 10} In *Roberts*, the Supreme Court of Ohio held that writs of mandamus and procedendo would not issue to compel a judge to bring a defendant back into court to resentence him when the judge was required by an appellate court decision to vacate a period of postrelease control that was improperly imposed. The court reasoned that the removal of a penalty is not the same as the addition of a penalty that would necessitate the presence of a defendant pursuant to Crim.R. 32, Crim.R. 43, and the defendant's due process rights. *Id.* at ¶ 11.

{¶ 11} In circumstances similar to relator's, this court denied a writ of procedendo because the appellate decision did not require a resentencing hearing, but only a journal entry that reflected what occurred on appeal. *State v. White*, 8th Dist. Cuyahoga No. 101835, 2014-Ohio-5040. In *White*, in an underlying appeal, one conviction for kidnapping was vacated, and the case was remanded to the trial

court to journalize that decision. *Id.* at ¶ 4. The case was remanded "only for a corrected journal entry to show the action taken on appeal." *Id.* at ¶ 6. We found that "the trial court fulfilled this task, and there is nothing more to do." *Id.* Once the trial court journalized a decision removing the kidnapping conviction, it had complied with the appellate court's decision and order.

{¶ 12} The same is true in the present case. In the appellate decision relator relies on required respondent to enter an order vacating relator's domestic violence conviction. Respondent fulfilled this obligation on February 2, 2017. Relator is not entitled to a new sentencing hearing, and his presence in the courtroom is not required for respondent to properly enter an order vacating the domestic violence conviction.

{¶ 13} Therefore, respondent's motion for summary judgment is granted. Relator's request for a writ of mandamus is denied. Costs to relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 14} Writ denied.


_____
MARY J. BOYLE, JUDGE

EILEEN T. GALLAGHER, A.J., and
EILEEN A. GALLAGHER, J., CONCUR