[Cite as *State v. Rosemond*, 2021-Ohio-768.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180221 |
| | | TRIAL NO.  B-1507143 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| ANTHONY ROSEMOND, | : | |
| Defendant-Appellant. | : | |


Judgment of the Court:  Application to Reopen Appeal Granted

Date of Judgment Entry:  March 12, 2021


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Anthony Rosemond*, pro se.

**ZAYAS, Presiding Judge.**

{¶1} Defendant-appellant Anthony Rosemond has filed a timely application under App.R. 26(B) to reopen this appeal. We grant the application, because it demonstrates a genuine issue as to a colorable claim of ineffective assistance of appellate counsel in failing to assign as error trial counsel's ineffectiveness concerning the imposition of an unauthorized five-year period of postrelease control for murder.

*Procedural Posture*

{¶2} Rosemond was convicted on multiple counts of murder, felonious assault, having weapons while under a disability, and drug trafficking. In the direct appeal, this court affirmed his convictions, but remanded for proper calculation and award of jail-time credit. *State v. Rosemond*, 1st Dist. Hamilton No. C-180221, 2019-Ohio-5356, *appeal not accepted*, 159 Ohio St.3d 1435, 2020-Ohio-3634, 148 N.E.3d 592.

{¶3} In his application to reopen his direct appeal, Rosemond asserts that his appellate counsel was ineffective in not presenting on appeal assignments of error challenging the adequacy of his judgment of conviction and his trial counsel's effectiveness concerning postrelease control and the joinder of his offenses for trial. The state has responded with a memorandum in opposition, asking this court to deny reopening on the grounds that the application was not signed as required by Civ.R. 11 and did not include the "sworn statement" required by App.R. 26(B)(2)(d). Rosemond has moved to amend the application with an affidavit attesting to the truth of the matters presented there.

{¶4} We grant the motion to amend the application. And we reopen the appeal.

*Standard of Review*

{¶5} An application to reopen an appeal must be granted if the applicant establishes "a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998); App.R. 26(B)(5). The standard for determining whether an applicant was denied the effective assistance of appellate counsel is that set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See State v. Simpson*, Slip Opinion No. 2020-Ohio-6719, ¶ 22 ("reaffirm[ing]" the court's holding in *State v. Reed*, 74 Ohio St.3d 534, 535, 660 N.E.2d 456 (1996), "that the two-prong standard articulated in *Strickland* * * * applies to App.R. 26(B) applications"). The applicant must prove "that his counsel [performed deficiently in] failing to raise the issues he now presents and that there was a reasonable probability of success had [counsel] presented those claims on appeal." *State v. Sheppard*, 91 Ohio St.3d 329, 330, 744 N.E.2d 770 (2001), citing *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus.

*A Genuine Issue as to Appellate Counsel's Ineffectiveness*

{¶6} The trial court did not advise Rosemond about postrelease control at his sentencing hearing. In the judgment of conviction, the court imposed postrelease-control periods of three years for felonious assault and heroin trafficking, up to three years for cocaine trafficking and the weapons charges, and five years for murder.

{¶7} Multiple periods of postrelease control must be served concurrently. R.C. 2967.28(F)(4)(c). Thus, the judgment of conviction requires that Rosemond be placed on five years of postrelease control upon his release from prison.

{¶8} But an offender like Rosemond, who has been sentenced to an indefinite term of confinement for the unclassified felony of murder, is not subject to

3

postrelease-control supervision upon release from confinement, but may, when eligible, gain release on parole to complete the sentence. *See State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36; R.C. 2967.13. Therefore, the trial court erred in imposing postrelease control as part of Rosemond's sentence for murder.

{¶9} App.R. 26(B)(5) mandates that "[a]n application for reopening *shall be granted* if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." And in the wake of the Ohio Supreme Court's decision in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 43, any error in the imposition of postrelease control must be raised in the direct appeal. If Rosemond's appellate counsel had assigned as error on direct appeal trial counsel's ineffectiveness concerning the imposition of the unauthorized period of postrelease control, this court would have sustained the assignment of error and remanded for sentencing in conformity with the postrelease-control statutes. *See State ex rel. Roberts v. Marsh*, 156 Ohio St.3d 440, 2019-Ohio-1569, 128 N.E.3d 222, ¶ 10-11. Because that proposed assignment of error would have presented a reasonable probability of success had it been advanced on appeal, Rosemond has demonstrated a genuine issue as to appellate counsel's ineffectiveness. Thus, App.R. 26(B)(5), by its terms, mandates reopening the appeal.

### Procedural Deficiencies

{¶10} The state, in its opposing memorandum, does not address the application on its merits. Instead, the state urges this court to deny reopening on the ground that the application does not comply with Civ.R. 11's requirement that Rosemond "sign the * * * document" or on the ground that the application does not include the "sworn statement" required by App.R. 26(B)(2)(d). We decline to do so.

{¶11} *Civ.R. 11 signature requirement.* App.R. 26(B) provides the procedure for a civil, collateral postconviction remedy. *Morgan v. Eads*, 104 Ohio

4

St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, ¶ 9. Thus, Civ.R. 11 applies, providing in relevant part as follows:

> A party who is not represented by an attorney shall sign the pleading, motion, or other document * * *. The signature of * * * [a] pro se party constitutes a certificate by the * * * party that the * * * party has read the document; that to the best of the * * * party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed * * *, it *may* be stricken as sham and false * * *.

Rosemond did not strictly satisfy Civ.R. 11's signature requirement. His hand-written application for reopening provided a line for his signature, but was not signed.

{¶12} This court has never denied an App.R. 26(B) application for reopening based on the applicant's failure to satisfy Civ.R. 11's signature requirement. In urging the court to do so here, the state cites the decision of the Court of Appeals for the Eighth Appellate District in *State v. Lester*, 8th Dist. Cuyahoga No. 105992, 2018-Ohio-5154, ¶ 5-7. We agree with the court in *Lester* that an App.R. 26(B) application may be stricken under Civ.R. 11 for failure to satisfy the rule's signature requirement. But Civ.R. 11 commits that decision to the sound discretion of the court. *See State ex rel. Fant v. Sykes*, 29 Ohio St.3d 65, 505 N.E.2d 966 (1987) (holding that Civ.R. 11 does not mandate striking an unsigned civil document). We decline to exercise that discretion here.

{¶13} Under Civ.R. 11, a party's "signature * * * constitutes a certificate by the * * * party that the * * * party has read the document; that to the best of the * * * party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay." Without that "certificat[ion]," the document "may be stricken as sham and false."

5

{¶14} Rosemond's application for reopening, as amended by our decision here, includes his signed and sworn affidavit "declar[ing] that the information contained in the [application] to reopen is true and correct to the best of [his] knowledge and belief." Thus, the application as amended, while technically deficient, effectively satisfies the express purposes of Civ.R. 11's signature requirement. We, therefore, decline to exercise our discretion to strike the application based on that deficiency.

{¶15} *App.R. 26(B)(2)(d) sworn-statement requirement.* Nor are we precluded from reopening this appeal by Rosemond's failure to provide with his application the "sworn statement" required by App.R. 26(B)(2)(d).

{¶16} App.R. 26(B) provides in pertinent part as follows:

(B)(1) * * * An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.

(2) An application for reopening shall contain all of the following:

* * *

(c) One or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation;

(d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *;

6

(e) Any parts of the record available to the applicant and all supplemental affidavits upon which the applicant relies.

The state asserts that this court must deny reopening because Rosemond failed to satisfy App.R. 26(B)(2)(d)'s requirement that he provide a sworn statement of the basis for the claim that appellate counsel's representation was deficient and the manner in which that alleged deficiency prejudicially affected the outcome of his appeal. In urging this court to deny reopening based on this deficiency alone, the state cites *State v. Lechner*, 72 Ohio St.3d 374, 650 N.E.2d 449 (1995).

{¶17} In *Lechner*, the Fourth Appellate District had denied reopening solely because the application did not include an App.R. 26(B)(2)(d) sworn statement. The Ohio Supreme Court agreed with the Fourth District's characterization of the sworn statement as "mandatory" and affirmed the appeals court's judgment. *Lechner* at 375.

{¶18} *Lechner* was decided on the same day as *State v. Franklin*, 72 Ohio St.3d 372, 650 N.E.2d 447 (1995). In *Franklin*, the Eighth Appellate District had denied reopening on the grounds that Franklin did not demonstrate good cause for his delay in filing his application and failed to provide the sworn statement required by App.R. 26(B)(2)(d). In affirming the appeals court's judgment, the Supreme Court spoke specifically to the sworn-statement deficiency. The court concluded that Franklin had not satisfied the sworn-statement requirement by attaching to his application "an affidavit swearing to the truth of the allegations of his application." Such an affidavit, the court determined, "falls short of the particularity required by the rule." *Franklin* at 373.

{¶19} Rosemond did not include a sworn statement with his original application. As amended, the application includes his signed and sworn affidavit "declar[ing] that the information contained in the [application] to reopen is true and correct to the best of [his] knowledge and belief." The affidavit does not, as App.R.

26(B)(2)(d) requires, state the basis for his claim that his appellate counsel's representation was deficient or how counsel's deficient representation affected the outcome of his appeal. Therefore, under the rule of *Franklin*, the application does not satisfy the sworn-statement requirement.

{¶20} In cases involving unjustifiably late or multiply deficient reopening applications, *Lechner* has been cited for the proposition that the lack of an App.R. 26(B)(2)(d)-compliant sworn statement alone provides a basis for denying reopening. *See, e.g., State v. Jones*, 8th Dist. Cuyahoga No. 108050, 2020-Ohio-5175; *State v. McKinnon*, 7th Dist. Columbiana No. 16 CO 0011, 2018-Ohio-1818; *State v. Dingess*, 10th Dist. Franklin No. 10AP-848, 2013-Ohio-801. *Lechner* has also been cited to deny reopening solely for the lack of a sworn statement. *See State v. Fortson*, 8th Dist. Cuyahoga No. 92337, 2011-Ohio-698; *see also State v. Davie*, 74 Ohio St.3d 232, 658 N.E.2d 271 (1996) (citing *Lechner* to affirm the Ninth District's denial of reopening for lack of the sworn statement).

{¶21} But in *State v. Smiley*, 8th Dist. Cuyahoga No. 72026, 1998 WL 213081 (Apr. 22, 1998), the Eighth District reopened an appeal despite the lack of a sworn statement, upon finding a genuine issue as to appellate counsel's ineffectiveness in failing to challenge trial counsel's conduct during closing argument. The court in *Smiley* acknowledged that the application complied with App.R. 26(B) in all respects other than the sworn statement, and that under *Lechner*, "[t]his omission alone can be fatal to an application for reopening." *Smiley* at *1. But the court noted that App.R. 26(B)(5) mandates reopening when an application demonstrates a genuine issue of appellate counsel's ineffectiveness, and that the court had previously "overlooked" both sworn-statement and other "App.R. 26(B) procedural deficiencies" to reach the merits of a reopening application. Moreover, the court determined that "justice would not be served * * * [by] den[ying] the application on procedural grounds, especially when a review of the merits

demonstrates a genuine issue of ineffective assistance of appellate counsel." *Smiley* at \*2. For those reasons, the court concluded that "an application for reopening with merit should supersede any procedural deficiency of the application." *Id.*; *see State v. Smiley*, 8th Dist. Cuyahoga No. 72026, 1999 WL 980638 (Oct. 28, 1999), *appeal not allowed*, 88 Ohio St.3d 1432, 724 N.E.2d 809 (2000) (in the reopened appeal, reversing and remanding for a new trial on grounds of ineffective appellate and trial counsel).

{¶22} Similarly, in *State v. Smith*, 1st Dist. Hamilton Nos. C-020336, C-020337 and C-020341 (Feb. 27, 2003), this court granted reopening despite App.R. 26(B)(2) deficiencies in the application. Smith's direct appeals had been dismissed because appellate counsel had failed to file a trial transcript. The state asserted that Smith was not "entitled" to reopen the appeal, because his application did not satisfy App.R. 26(B)(2)'s requirements that the application "contain" assignments of error, a sworn statement, and portions of the record on which the application relied. *See* App.R. 26(B)(2)(c), (d) and (e). This court held, to the contrary, that despite the application's "procedural deficiencies," App.R. 26(B)(5) mandated reopening, because the record demonstrated a genuine issue as to appellate counsel's ineffectiveness, when appellate counsel's inaction had effectively denied Smith his right to appeal. *See State v. Smith*, 1st Dist. Hamilton Nos. C-020336, C-020337 and C-020341 (Oct. 1, 2003) (in the reopened appeal, reversing and remanding for resentencing).

{¶23} The Supreme Court in *Lechner* viewed App.R. 26(B)(2)(d)'s sworn-statement requirement, along with App.R. 26(B)(2)(c)'s requirement of proposed assignments of error or arguments not previously considered on the merits, as providing a curb on abuses of the reopening procedure, by "mak[ing] it obvious that the rule is \* \* \* not an invitation to raise old issues previously adjudicated." *Lechner*, 72 Ohio St.3d at 374, 650 N.E.2d 449. But in its 2008 decision in *State v. Davis,* 119

Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221, the Supreme Court read the rule in a manner supportive of the Eighth District's decision in *Smiley* and this court's decision in *Smith*.

{¶24} In *Davis*, the Supreme Court held that a pending motion for a discretionary appeal does not bar an appeals court's merit ruling on a timely filed App.R. 26(B) application to reopen an appeal. *Id.* at ¶ 5. In so holding, the court elaborated upon the purposes and principles underlying the reopening procedure. The court noted that App.R. 26(B) was adopted in 1993 to provide a forum for vindicating an appellant's constitutionally secured right to the effective assistance of counsel on appeal. *Id.* at ¶ 26. The rule "emanates directly" from *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), which "evinced a preference against purely procedural dismissals" of claims of ineffective assistance of appellate counsel. *Id.* at ¶ 12-13. And the rule states that "[a]n application for reopening *shall be granted* if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." (Emphasis added.) App.R. 26(B)(5). Thus, the court concluded, when an appellant has timely applied for reopening, the appeals court's "mandate * * * is to determine whether that 'genuine issue' exists." *Id.* at ¶ 17.

{¶25} The Supreme Court further found App.R. 26(B) to evince a "clear intent * * * for the appellate court to function as the trier of fact" in determining whether a "genuine issue" exists. *Id.* at ¶ 21. And the rule "provides the court [of appeals with] the necessary evidentiary tools for making its determination." *Id.* at ¶ 18. Specifically, the court declared, App.R. 26(B)(2)(d) and (e) afford "the opportunity for a meaningful review of the record," by requiring that a sworn statement and relevant portions of the record be provided, and by permitting the submission of supplemental affidavits and other evidentiary materials. *Id.*

*Reopening Granted*

{¶26} Rosemond's application to reopen this appeal establishes a genuine issue as to a colorable claim of his appellate counsel's ineffectiveness in failing to assign as error trial counsel's ineffectiveness concerning the imposition of postrelease control. Rosemond has satisfied the Civ.R. 11 requirement that he sign the application by amending his application with his signed and sworn affidavit attesting to his belief in the truth and accuracy of the application. This affidavit does not satisfy App.R. 26(B)(2)(d)'s sworn-statement requirement. But the sworn statement is not an "evidentiary tool[]" that is "necessary" to this court's determination under App.R. 26(B)(5) that there exists a genuine issue as to appellate counsel's ineffectiveness. *See Davis* at ¶ 18. Accordingly, we follow the mandate of App.R. 26(B)(5) and reopen this appeal.

Application granted.

**MYERS** and **BOCK, JJ.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.